## MOORE *vs.* ZABRISKIE.†

A trustee, who has abused his trust, is entitled to no commissions as *trustee*, but he will be allowed reasonable compensation for special and extraordinary *services* rendered to the *cestui que trust*.

This cause came on for a hearing before A. S. Pennington, esquire, one of the masters of the court, upon an exception to the report of the master, allowing the defendant a charge of $500 for his services in defending the complainant upon a trial for murder.

*Mr. E. T. Green,* for exceptant.

*Mr. L. Zabriskie,* for defendant.

THE MASTER.

There is but one exception taken in this case; the master has allowed the defendant five hundred dollars as a compensation for his services.

It appears by the decretal order of this court, that divers conveyances and assignments were made by the complainant to the defendant, and that the defendant claimed to own the property so conveyed; while the decree decides that he was only a trustee for the complainant.

---

* Decree reversed, *post p.* 532.

† CITED *in McKnight's Ex'rs* v. *Walsh,* 8 *C. E. Gr.* 148.

It is contended by the complainant's counsel, that inasmuch as the defendant has abused his trust, he ought not to be allowed anything as such trustee. To this I fully agree.

But it appears by the papers in this case, that the complainant was indicted for murder in the county of Bergen; that he was deserted by his relations, and applied to the defendant to aid. him in his defence ; and the decree in this case settles the fact that these conveyances and assignments were made, in whole or in part, to raise money for the complainant's defence in said trial for murder.

The Chancellor, in said decree, has decided that the complainant is entitled to a reconveyance of the property, upon his paying the defendant such sums of money as he has expended for the use and benefit of the complainant, and directs a reference to the master, to take an account of the moneys expended by the defendant to and for the use of the complainant, and further directs that the master should make a proper allowance to the defendant *for his services* to the said complainant ; and the Chancellor decrees that the defendant should pay the complainant his costs to be taxed.

As I understand this decree, the Chancellor does not mean to allow the defendant any commissions or allowances as trustee, because he has not been faithful to his trust, but as the defendant did render important *service* to the complainant about the said suit, he directed the master to make a proper allowance to the defendant for *his services* to the said complainant.

The master was then directed to make an allowance for these services.

The only question left to the master was the amount. Has he allowed too much ?

The charge of murder is a very serious one, and if the defendant undertook the trust of attending to this case, he ought to be liberally compensated.

It appears by the papers that the complainant was deserted by his relatives, and the whole care, anxiety, and burthen of the defence, fell on the defendant.

Moore *v.* Zabriskie.

The defendant considers that by his exertions the complainant escaped capital punishment. He neglected his own business to some extent, in New York, to attend to this case, gave it a great deal of his time, employed counsel, raised money on the property, looked up witnesses, took care of the defendant in jail, &c. Mr. Banta, prosecutor of the pleas of the county of Bergen, testifies that the defendant's services in this case for the complainant, were worth $1000.

Under these circumstances, I cannot say the allowance made by the master, was too much.

I would therefore respectfully advise the Chancellor to disallow the exception to the master's report.